Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| BRITTANI FRIEDMAN, an Individual, | Case No.: |
|---|---|
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR: |
| v. | 1. Copyright Infringement<br>2. Vicarious and/or Contributory Infringement |
| POPSUGAR, INC., a Delaware Corporation; and DOES 1 through 10, | 3. Violation of the DMCA (§ 1202)<br>4. Violation of the DMCA (§ 1201) |
| Defendants. | 5. Statutory Misappropriation of Likeness (Cal. Civ. Code § 3344(a))<br>6. Common Law Misappropriation of Likeness |
| | <u>Jury Trial Demanded</u> |

Plaintiff, Brittani Friedman ("FRIEDMAN") by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

1
COMPLAINT

## INTRODUCTION

FRIEDMAN is a prominent fashion and lifestyle blogger and social media influencer. She owns compelling portfolio of photography and visual materials and developed a strong online brand, which she monetizes in connection with marketing and other forms of commerce. Her original photographs and likeness have been misappropriated and used without permission by the Defendants, and each of them. These Defendants unlawfully published, distributed, and displayed FRIEDMAN's photographs, and did so without authorization from FRIEDMAN, including on fraudulent social media pages created, maintained, and monetized by Defendants. Further, Defendants removed FRIEDMAN's copyright management information before publishing her photographs, and claimed authorship and/or ownership and/or sponsorship of said photographs. This action follows to address this misconduct.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. This Court also has supplemental jurisdiction over the state law claims. This Court has pendent jurisdiction over the claims arising under California law pursuant to 28 U.S.C. § 1367(a) because the asserted state claims are substantially related to the claims arising under the United States Copyright Act. Furthermore, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# PARTIES

5. FRIEDMAN is an individual residing in the state of California in the United States.

6. Plaintiff is informed and believes and thereon alleges that POPSUGAR, INC. ("POPSUGAR") is a Delaware corporation, with its principal place of business located at 111 Sutter Street, 15th Floor, San Francisco, California 94104.

7. Plaintiff is informed and believe and thereon allege that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

# GENERAL FACTUAL ALLEGATIONS

9. Plaintiff is a fashion and lifestyle blogger and social media influencer.

10. So as to grow and promote her personal brand, Plaintiff maintains an active presence on social media and social networking sites ("Social Networks"), including but not limited to Instagram, where she has over 37,000 followers.

11. Plaintiff frequently posts photographs that she owns on the Social Networks, including but limited to her Instagram profile, for purposes of marketing various fashion and lifestyle brands. Attached as **Exhibit 1** are the photographs that Plaintiff posted in the years 2017 and 2018. On information and belief it is alleged that Defendants, and each of them, misappropriated, copied, modified, and published at least 267 of these photographs ("Subject Photographs"). Representative samples of the Subject Photographs and the unauthorized use are set forth below in paragraph 21.

12. Plaintiff exclusively owns the Subject Photographs, which she has submitted for registration with the Copyright Office, with all formalities satisfied.

13. Plaintiff also maintains an active presence on, and a contractual relationship with, affiliate marketing websites and networks (the "Affiliate Networks"), who republish, with attribution, the Subject Photographs, either directly or by way of the Social Networks, with the authorization of Plaintiff.

14. The Affiliate Networks attach, on behalf of Plaintiff, a commissionable affiliate link by which Plaintiff's followers and other visitors can purchase the fashion and lifestyle products promoted in the Subject Photographs, for which Plaintiff receives a commission in the form of a percentage of each sale.

15. Defendants, and each of them, accessed the Subject Photographs, either from Social Networks or Affiliate Networks, and published, displayed, and distributed photographs which are substantially similar to the Subject Photographs (hereinafter "Infringing Uses") without Plaintiff's authorization.

16. Defendants, and each of them, compiled the Infringing Uses on profile pages designed to appear as if run, administered, or authorized by Plaintiff (the "Fraudulent Profiles")

17. On or about April 17, 2018, Amber Venz Box, a co-founder of LiketoKnow.it, one of Plaintiff's Affiliate Networks, sent a notice to its licensors asserting that POPSUGAR had:

    a. Appropriated "millions of pieces of original content from LiketoKnow.it influencers . . . without [LiketoKnow.it's] knowledge or consent."

    b. "[R]epurposed influencer content without their consent"

    c. Created "thousands of falsified vanity profile pages on Popsugar.com"

    d. "[R]emoved all [LiketoKnow.it] commissionable links and replaced them with [POPSUGAR's own commissionable links]."

18. On April 17, 2018, Brian Sugar, founder and CEO of POPSUGAR, confirmed on twitter[1] that:

    a. POPSUGAR created, "during a Hackathon" in the "summer of 2017," a tool to build and maintain the Fraudulent Pages;

    b. That the Fraudulent Pages were active, available, unsecured, and open to the public until May 15, 2017;

    c. POPSUGAR collected revenue from the Fraudulent Pages;

19. Brian Sugar acknowledged and apologized for POPSUGAR's actions in creating and profiting from the Fraudulent Pages. ("I sincerely apologize for all the pain this may have caused and I feel terrible about how this made people feel.")

20. Plaintiff is informed and believes and thereon alleges that POPSUGAR, DOE Defendants, and each of them removed the copyright management information ("CMI"), including but not limited to her affiliate links, and added their own affiliate links to her photographs.

---

[1] https://twitter.com/briansugar/status/986364616186839040

21. An image of non-inclusive exemplars of the Subject Photographs being published, displayed, and distributed on a Fraudulent Page on the POPSUGAR's website can be seen below:



22. Defendants unauthorized publication and exploitations of Plaintiff's Subject Photographs, image, and likeness has resulted in substantial additional damage to Plaintiff's personal brand and image.

23. Defendants unauthorized publication and exploitations of Plaintiff's Subject Photographs, image, and likeness created the false impression that Defendant's were authorized to use Plaintiff's image and likeness.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each)**

24. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs including, without limitation, through (a) Social Networks; (b) Affiliate Networks; (c) or access through other third parties. Plaintiff further alleges that the identical nature of the copying establishes access.

26. Plaintiff is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to traffic in the Infringing Uses. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing and/or derivative work from the Subject Photographs and by publishing the work which infringes the Subject Photographs to the public, including without limitation, through POPSUGAR's online platforms.

27. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial, including without limitation lost profits, royalties, and a diminution in the value of the misappropriated photographs.

28. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Photographs in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious. Such misconduct provides the basis on which Plaintiff seeks damages in an amount of to $150,000.00 per the Copyright Act and/or an order precluding Defendants, and each of them, from offering certain legal defenses and positions.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

30. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

31. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, publication and distribution of the Subject Photographs as alleged hereinabove.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

33. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would

not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photographs, in an amount to be established at trial.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

**(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)**

36. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this complaint.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 et seq. by intentionally removing Plaintiff's attribution and copyright management information from the photographs at issue and/or altering the attribution and copyright management information on said photographs to reflect that a party other than Plaintiff authored or owned the photographs. Defendants, and each of them, engaged in the above acts in creating the infringing publications at issue in this case, and then distributed the mislabeled and misattributed copies of these photographs to the public.

38. Defendants, and each of them, removed and/or altered the attribution and copyright management information and distributed the mislabeled and misattributed

copies with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributed and publicly displayed the infringing copies knowing that the copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under § 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of certain rights under this title. In addition, certain of the infringing copies included alterations and manipulations by Defendants, and each of them, that appear to attribute or associate one or more of the Subject Photographs to POPSUGAR. These acts further violate §1202.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly removed and altered the copyright management information on the infringing copies.

40. Defendants, and each of them, inserted false and fraudulent copyright management information, including in the form of fraudulent affiliate links, in further violation of §1202.

41. Defendants, and each of them, removed Plaintiff's name and identifying material from Plaintiff's photographs in violation of this statute before publishing unauthorized copies to the public. Defendants, and each of them, further affixed packing, marketing material, and logos to Plaintiff's photographs to attribute the unauthorized copies to one or more of the Defendants, and then distributed the unauthorized copies online to the public.

### FOURTH CLAIM FOR RELIEF

**(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1201 – Against all Defendants, and Each)**

42. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this complaint.

43. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly avoided, bypassed, removed, deactivated, or impaired, without the authorization of Plaintiff, technological measures undertaken by the Social Networks and the Affiliates to control access to Plaintiff's copyrighted work, including but not limited to access via the "Hackathon" tool designed and operated by POPSUGAR, in violation of § 1201(a)(1).

44. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly manufactured, imported, offered to the public, provided, or otherwise trafficked in a technology product or service primarily designed to undermine measures taken by Plaintiff, and the Social Networks and Affiliates, to control access to Plaintiff's copyrighted work, including but not limited to the "Hackathon" tool designed and operated by POPSUGAR, in violation of § 1201(a)(2).

45. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties, including in the form of Plaintiff's costs and attorneys' fees, pursuant to 17 USC § 1203 and other applicable law.

46. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

### FIFTH CLAIM FOR RELIEF

**(Violation of California Civil Code § 3344, against All Defendants, and Each)**

47. Plaintiff incorporates herein by this reference each and every allegation contained in all previous paragraphs above.

48. At all relevant times, Plaintiff had the sole and exclusive right of publicity with regard to the use of her photograph, image, and likeness.

49. Defendants knowingly used Plaintiff's photograph, image, and likeness on the Fraudulent Pages without Plaintiff or her representatives' permission, consent or authorization.

50. Plaintiff was readily identifiable in the Fraudulent Page insofar as anyone who views the Fraudulent Pages with the naked eye can reasonably determine that Plaintiff is the individual depicted in the Fraudulent Pages.

51. Defendants' unauthorized and unlawful use of Plaintiff's photograph, image, and likeness was willful, intentional, and knowing and was done to defendant's advantage, including for the direct purpose of profiting and gaining commercial benefit.

52. The acts alleged above constitute a violation of California Civil Code § 3344.

53. As a direct and proximate result of Defendants' unauthorized and unlawful use of Plaintiff's photograph, image, and likeness, Plaintiff suffered harm, including but not limited to the denial of the benefit of the rights of publicity which belong to her.

54. Plaintiff is entitled to compensation for the willful, intentional, unauthorized, and unlawful use of her image and likeness, in an amount to be proven at trial.

55. Defendants' conduct was malicious, fraudulent, oppressive and intended to injure Plaintiff. Consequently, Plaintiff is entitled to punitive damages.

56. Plaintiff is entitled to recover its costs and fees per the statute referenced in this cause of action.

### SIXTH CLAIM FOR RELIEF

**(Violation of Common Law Right of Publicity, against All Defendants, and Each)**

57. Plaintiff incorporates herein by this reference each and every allegation contained in all previous paragraphs above.

58. At all relevant times, Plaintiff had the sole and exclusive right of publicity with regard to the use of her image and likeness.

59. Defendants knowingly used Plaintiff's image and likeness in the Fraudulent Pages without Plaintiff or her representatives' permission, consent or authorization.

60. Plaintiff was readily identifiable in the Fraudulent Pages insofar as anyone who views the Fraudulent Pages with the naked eye can reasonably determine that Plaintiff is the individual depicted in the Fraudulent Pages.

61. Defendants' unauthorized and unlawful use of Plaintiff's photograph, image, and likeness was willful, intentional, and knowing and was done to defendant's advantage, including for the direct purpose of profiting and gaining commercial benefit.

62. The acts above constitute a violation of the common law right of publicity.

63. As a direct and proximate result of Defendants' unauthorized and unlawful use of Plaintiff's photograph, image, and likeness, Plaintiff suffered harm, including but not limited to the denial of the benefit of the rights of publicity which belong to her.

64. Plaintiff is entitled to compensation for the willful, intentional, unauthorized, and unlawful use of her image and likeness, in an amount to be proven at trial.

**SEVENTH CLAIM FOR RELIEF**

**(for Intentional Interference with Contractual Relations—Against All Defendants, and Each.)**

65. Plaintiff incorporates herein by this reference each and every allegation contained in all previous paragraphs above.

66. Plaintiff is party to a standardized contract with LiketoKnow.it, the "Influencer End User License Agreement and Terms of Service." Pursuant to the contract, Class members were entitled to a commission in for form of a percentage of sales resulting from Plaintiff's social media posts.

67. Defendants' had knowledge of the existence of the contract between Plaintiff and LiketoKnow.it. Defendant further had general knowledge of the common industry practice of affiliate marketing.

68. Defendants, by way of its Hackathon tool, intentionally removed the LiketoKnow.it affiliate links and replaced them with their own as part of the creation and posting of the Fraudulent pages. These actions prevented the performance of the parties' contract or made performance of that contract more expensive or difficult.

69. Defendants' actions were intentional in that Defendants intended to disrupt the performance of the parties' contract and/or knew that disruption of performance was certain or substantially certain to occur.

70. Defendants' actions damaged Plaintiff by depriving her of revenue due under her contract with LiketoKnow.it, and that she would have received but for Defendants' actions.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Photographs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504, 17 U.S.C. §1203, Cal. Civ. Code 3344 et seq., and other applicable law.

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 505, 17 U.S.C. §1203, Cal. Civ. Code 3344 *et seq*., and other applicable law;

d. Awarding full damages as allowed under California common law for Defendants' violation of Plaintiffs' common law right of publicity;

e. Awarding to Plaintiffs all profits of Defendants plus all losses of Plaintiffs, plus punitive damages if found applicable, the exact sum of which to be proven at the time of trial, per Cal. Civ. Code 3344 *et seq.*;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a <u>jury trial</u> on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: July 5, 2018                         Respectfully submitted,

By:   */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff